**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

In the Matter of the Care and Treatment of Calvin J. Yawn, Appellant.

Appellate Case No. 2012-210426

———————

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-330
Submitted July 1, 2013 – Filed July 24, 2013

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Welch v. Epstein*, 342 S.C. 279, 299, 536 S.E.2d 408, 418 (Ct. App. 2000) ("When reviewing the denial of a motion for directed verdict or JNOV, this [c]ourt must employ the same standard as the trial court by viewing the evidence and all reasonable inferences in the light most favorable to the nonmoving party."); *id.* at 300, 536 S.E.2d at 418 ("The trial court must deny the motions when the evidence yields more than one inference or its inference is in doubt."); *id.* at 300,

536 S.E.2d at 418 ("This [c]ourt will reverse the trial court only when there is no evidence to support the ruling below."); S.C. Code Ann. § 44-48-100(A) (Supp. 2012) ("The court or jury must determine whether, beyond a reasonable doubt, the person is a sexually violent predator."); S.C. Code Ann. § 44-48-30(1) (Supp. 2012) ("'Sexually violent predator' means a person who: (a) has been convicted of a sexually violent offense; and (b) suffers from a mental abnormality or personality disorder that makes the person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment."); *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning.").

**AFFIRMED.**[1]

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.